USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/14/2023_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICIO RONDON, on behalf of Plaintiff, MAURICIO RONDON, on behalf of similarly situated individuals, JORGE MARTINEZ, on behalf of Plaintiff, JORGE MARTINEZ, on behalf of similarly situated individuals, JUAN DAVID PUERTA, on behalf of Plaintiff, JUAN DAVID PUERTA, on behalf of similarly situated individuals, ALLAN E. MORALES, on behalf of Plaintiff, ALLAN E. MORALES, on behalf of similarly situated individuals, BRIAN AGUDELLO, on behalf of Plaintiff, BRIAN AGUDELLO, on behalf of similarly situated individuals, PARMAESHWAR MOHAN, on behalf of Plaintiff, PARMAESHWAR MOHAN, on behalf of similarly situated individuals,

Plaintiffs,

-against-

EGM ELECTRIC, LLC, MICHAEL ESPINOSA, and DAVID MUNOZ,

Defendants.

21 Civ. 1880 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs, Mauricio Rondon, Jorge Martinez, Juan David Puerta, Allan E. Morales, Brian Agudello, and Parmaeshwar Mohan, bring this action against Defendants, EGM Electric, LLC, Michael Espinosa, and David Munoz, raising claims for, *inter alia*, unpaid wages and liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and unpaid wages, statutory penalties, liquidated damages, and prejudgment and post-judgment interest under the New York Labor Law ("NYLL") § 190 *et seq. See generally* Compl., ECF No. 1. Having reached a settlement (the "Settlement"), ECF No. 51-1, the parties seek the Court's approval of their proposed agreement. *See* Letter, ECF No. 51. For the reasons stated below, the motion is DENIED without prejudice to renewal.

DISCUSSION

  I.  <u>Legal Standard</u>

 The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a)–(b). Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

 In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases

of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II. Analysis

The Settlement provides the six Plaintiffs with a recovery of $45,000: $5,000 to each Plaintiff, and $15,000 in attorney's fees ($2,500 per Plaintiff).[1] Settlement ¶ 2; Letter at 2. Under the FLSA, in addition to recovering unpaid wages, a plaintiff may seek an award of liquidated damages, which equals the amount of unpaid wages. *See Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 261 (S.D.N.Y. 2008). The parties represent that the Settlement is fair and reasonable as $7,500 "nearly compensates Plaintiff[s] one hundred percent (100%) of liquidated damages," and upon service of the Complaint, Plaintiffs were paid their outstanding wages. Letter at 2.

---

[1] The Court finds that the attorney's fees are reasonable. The fees are supported by contemporaneous billing records. ECF No. 51-1. Courts in this District have found comparable fee awards reasonable, including awards equaling one-third of the settlement fund and above counsel's lodestar calculation of 1.575. *See, e.g.*, *Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906, 2015 WL 4006896, at *10 (S.D.N.Y. July 1, 2015); *Gonzalez v. Citusa Park Ave., LLC*, No. 20 Civ. 2326, 2020 WL 8920703, at *2 (S.D.N.Y. Nov. 30, 2020).

3

The Letter, however, does not address how the Settlement amount compares to Plaintiffs' range of possible recovery. Plaintiffs were paid at different hourly rates, Compl. ¶¶ 20–30, but would now obtain the same recovery. Accordingly, Plaintiffs have not sufficiently justified their claim that the Settlement compensates Plaintiffs "nearly . . . one hundred percent." Letter at 2.

Further, although the Letter states that there was "conflicting evidence" and the Settlement was "negotiated at arms-length by experienced counsel," *id.* at 2–3, the parties do not discuss the "anticipated burdens and expenses in establishing their respective claims and defenses"; "the seriousness of the litigation risks faced by the parties"; or "the possibility of fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335 (citation omitted). The Court, therefore, cannot find that the *Wolinsky* factors have been met.

Lastly, the proposed release contained in the Settlement is too sweeping to be fair and reasonable. "In general, any release provision must be limited to the claims at issue in this action." *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 324 (S.D.N.Y. 2021) (quotation marks and citation omitted). The Settlement contains a liability release only as to Defendants, which the Court finds overbroad in three respects. Settlement ¶ 1(a)-(e). First, the release is not limited to wage-and-hour claims arising from the facts that gave rise to the instant action. Instead, it includes claims "existing at any time prior to and through the date of the execution" of the Settlement. *Id.* ¶ 1(c). Second, the Settlement releases from liability numerous entities beyond Defendants. *Id.* ¶ 1(a). "[W]hen combined with the broad definition of '[r]eleasees,' the release—read literally—would have the . . . effect of releasing any wage and hour claims that [P]laintiff[s] had against a wide range of unidentified individuals and business[es] only tenuously affiliated with [D]efendant[s]." *Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18,

4

2019).  Moreover, Plaintiffs are afforded no release from liability.  *See generally* Settlement; *Sanders v. CJS Sols. Grp., LLC*, No. 17 Civ. 3809, 2018 WL 620492, at *4 (S.D.N.Y. Jan. 30, 2018).  As such, the Court cannot conclude that the Settlement's release clause is "fair and reasonable" under *Cheeks*, and, accordingly, shall not approve the Settlement.

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED without prejudice to refiling a revised settlement agreement that (1) addresses the remaining *Wolinsky* factors; (2) narrows the release provision so as not to confer an unearned benefit on entities and individuals beyond the parties herein; (3) limits the release to claims arising out of the same facts that gave rise to the claims advanced in this action; and (4) contains a reciprocal release for Plaintiffs.

By **January 22, 2024**, the parties may file a revised letter and settlement agreement consistent with this order.

SO ORDERED.

Dated: December 14, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge